FILED
 2014 Oct-16  AM 08:20
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TERESAMINGO M. GAMBLE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>Defendant ) | Case No.  5:14-cv-00846-HGD |

# REPORT AND RECOMMENDATION

The above-entitled action is before the court on the Motion to Dismiss filed by defendant.  (Doc. 8).[1]  On August 26, 2014, plaintiff was afforded fourteen (14) days

---

[1] At the outset, the court notes that defendant submitted evidence outside the pleadings with the submission on the motions to dismiss.  Normally, the court may either consider the evidence, thus converting the motion to dismiss into a motion for summary judgment, or exclude the evidence from consideration.  *See* Fed.R.Civ.P. 12(d).  However, if a plaintiff fails to introduce a pertinent document as part of his or her pleading, the defendant may introduce the exhibit as part of a motion attacking the pleading, and the motion will not be converted to a summary judgment motion.  *See Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged.  *Id.*"); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  *See also* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1327, at 762-63 (2d ed. 1990).

from the date of entry of the order in which to file a response to the motion. Plaintiff filed a response. (Doc. 10). Defendant has not filed a reply.

Plaintiff, Teresamingo Gamble, proceeding *pro se*, commenced this action by filing a complaint on May 6, 2014, seeking review of the decision of the Social Security Administration which denied her applications for Supplemental Security Income (SSI) and a period of disability and disability benefits (DIB).

As grounds for the motion to dismiss, defendant asserts that the complaint is untimely under 42 U.S.C. § 405(g). Defendant states that on May 3, 2013, the Administrative Law Judge (ALJ) issued a decision denying plaintiff's claims for SSI and DIB benefits. (Doc. 8-3, Decl. of Patrick J. Herbst (Herbst Decl.), at Ex. 1). Thereafter, plaintiff requested review of this decision. On February 27, 2014, the Appeals Council sent notice of its action denying plaintiff's request for review and of the right to commence a civil action within 60 days from the date of receipt. (*Id.* at Ex. 2). This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner.

Plaintiff thus had 60 days from her receipt of the Appeals Council's notice to request judicial review. *See* 42 U.S.C. § 405(g). The date of receipt of a notice of denial of request for review is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210. To

be considered timely, plaintiff must have commenced her civil action on or before May 5, 2014, the first non-weekend date after the 65 days had elapsed. The complaint in the instant action is dated by plaintiff as May 6, 2014, and the filing date is also May 6, 2014.

In her response, plaintiff only asks for a hearing and that the court allow her to continue with her case. She avers that she does not want SSI benefits, only DIB benefits because she has been sick for a long time. Plaintiff does not address defendant's contention that her complaint is untimely or provide any information about when she received the Appeal Council's decision.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (internal quotation marks omitted). Congress may prescribe the procedures and conditions for judicial review of administrative orders. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

For final decisions on claims arising under Titles II and XVI of the Social Security Act, judicial review is provided for and limited by 42 U.S.C. §§ 405(g) and (h), which state:

>   (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .
>
>   (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g)-(h).  *See* 42 U.S.C. § 1383(c)(3) (stating final decisions for Title XVI (SSI) claims are judicially reviewable as provided in § 405(g)).  Under these sections, the only civil action permitted against the Commissioner's decision on a claim arising under Title II (DIB) or Title XVI (SSI) of the Social Security Act is one "commenced within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner may allow."  42 U.S.C. § 405(g).

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision.  *See* 20 C.F.R. §§ 416.1481, 422.210(c).  The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council.  *See* 20 C.F.R. §§ 416.1401, 422.210(c).  The Commissioner has

interpreted this provision to mean that a complaint is timely filed if it is filed within 65 days of the date on the Appeals Council's notice. *See* 20 C.F.R. §§ 416.1401, 416.1481, 422.210(c).

The 60-day statute of limitations serves "to move cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Accordingly, absent a showing of extraordinary circumstances that warrant tolling of the statute of limitations, civil actions commenced after the statute of limitations has lapsed should be dismissed. *See Jackson v. Astrue*, 506 F.3d 1349, 1353-54 (11th Cir. 2007); *Sam-Laurent v. Astrue*, 2010 WL 2985677, at *2-3 (S.D.Fla. July 7, 2010) (magistrate judge's report and recommendation, adopted by district court at *Sam-Laurent v. Astrue*, 2010 WL 2985679 (S.D. Fla. July 28, 2010)); *Penn v. Astrue*, 2008 WL 553216, at *2 (S.D.Ala. Feb. 22, 2008).

In this case, the Appeals Council's notice to plaintiff informing her that her request for review had been denied was dated February 27, 2014. Therefore, plaintiff had 65 days from that date in which to seek review by the court of the decision; in order to be timely, plaintiff must have filed her complaint by May 5, 2014.[2] Instead,

---

[2] Because the 65th day fell on a Saturday, plaintiff had until the first weekday following the 65th day to file her complaint, which would have been May 5, 2014.

plaintiff filed her complaint one day later, on May 6, 2014. While the complaint was untimely by only one day, it is nonetheless subject to dismissal on this basis. *See, e.g., Brown v. Astrue*, 2013 WL 17339, at*1 (N.D.Ala. Jan. 14, 2013) (dismissing an action commenced pursuant to 42 U.S.C. § 405(g) because it was filed two days late). The Appeals Council can extend the statute of limitations upon a showing of good cause. *See* 20 C.F.R. §§ 416.1411, 416.1482. However, plaintiff never requested such an extension.

A statute of limitations can be tolled when extraordinary circumstances are present. In *Jackson*, the Eleventh Circuit stated that "[t]he extraordinary circumstances standard . . . may be met where the defendant misleads the plaintiff allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against [her]." *Jackson*, 506 F.3d at 1353 (internal quotation marks omitted). There is no evidence that the Commissioner misled plaintiff or concealed anything from her. The Appeals Council instructed plaintiff that she had 60 days from her receipt of the notice denying her request for review to commence a civil action. (*See* Herbst Decl. at Ex. 2). The Appeals Council further informed plaintiff of the consequences of failing to request judicial review, stating "[i]f you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules." (*Id.*). Plaintiff has

failed to show any extraordinary circumstances which would warrant tolling of the time period in which she had to seek review of the Commissioner's decision.

Based on the foregoing, it is RECOMMENDED that defendant's Motion to Dismiss be GRANTED and this action DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*),

adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 16th day of October, 2014.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE