FILED
2015 Jan-06 PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERESAMINGO M. GAMBLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.  5:14-cv-00846-HGD |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant | ) |

## **REPORT AND RECOMMENDATION**

The above-entitled action is before the court on the Motion to Dismiss filed by defendant.  (Doc. 8).[1]

---

[1] At the outset, the court notes that defendant submitted evidence outside the pleadings with the submission on the motions to dismiss.  Normally, the court may either consider the evidence, thus converting the motion to dismiss into a motion for summary judgment, or exclude the evidence from consideration.  *See* Fed.R.Civ.P. 12(d).  However, if a plaintiff fails to introduce a pertinent document as part of his or her pleading, the defendant may introduce the exhibit as part of a motion attacking the pleading, and the motion will not be converted to a summary judgment motion.  *See Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged.  *Id.*"); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  *See also* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1327, at 762-63 (2d ed. 1990).

Plaintiff, Teresamingo Gamble, proceeding *pro se*, commenced this action by filing a complaint on May 6, 2014, seeking review of the decision of the Social Security Administration which denied her applications for Supplemental Security Income (SSI) and a period of disability and disability benefits (DIB).

As grounds for the motion to dismiss, defendant asserts that the complaint is untimely under 42 U.S.C. § 405(g). Defendant states that on May 3, 2013, the Administrative Law Judge (ALJ) issued a decision denying plaintiff's claims for SSI and DIB benefits. (Doc. 8-3, Decl. of Patrick J. Herbst (Herbst Decl.), at Ex. 1). Thereafter, plaintiff requested review of this decision. On February 27, 2014, the Appeals Council sent notice of its action denying plaintiff's request for review and of the right to commence a civil action within 60 days from the date of receipt. (*Id.* at Ex. 2). This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner.

Plaintiff thus had 60 days from her receipt of the Appeals Council's notice to request judicial review. *See* 42 U.S.C. § 405(g). The date of receipt of a notice of denial of request for review is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210.[2] The

---

[2] The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *See* 20 C.F.R. §§ 416.1481, 422.210(c). The date of receipt is

complaint in the instant action is dated by plaintiff as May 6, 2014, and the filing date is also May 6, 2014. Using the date of the Appeals Council's decision, February 27, 2014, in light of 20 C.F.R. § 422.210, plaintiff should have commenced this action on or before May 5, 2014. Thus, unless plaintiff can establish that she received notice of the Appeals Council's decision within 60 days prior to May 6, 2014, the complaint is untimely and due to be dismissed.

A report and recommendation was entered on October 16, 2014, recommending that the motion to dismiss be granted because plaintiff had not made a reasonable showing that she received the notice of the Appeals Council's decision within 65 days prior to the filing of the complaint. However, based on information submitted by plaintiff in response to the report and recommendation, a hearing was held before the undersigned on January 6, 2015, to take testimony and evidence about the actual date on which plaintiff received notice of the Appeal's Council's decision. At the hearing, plaintiff submitted as Exhibit 1 an envelope addressed to plaintiff with the return address of the Social Security Administration in Decatur, Alabama; the envelope bears a postmark dated March 19, 2014. She also submitted as Exhibit 2 the notice

---

presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§ 416.1401, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within 65 days of the date on the Appeals Council's notice. *See* 20 C.F.R. §§ 416.1401, 416.1481, 422.210(c).

of the Appeals Council's decision dated February 27, 2014. Plaintiff testified that the Appeals Council's decision was in the envelope postmarked March 19, 2014, and that she actually received the notice on or after March 19, 2014. Defendant offered no evidence to refute plaintiff's testimony, apart from relying on the declaration of Patrick Herbst. The court finds that plaintiff has made a reasonable showing that she received notice of the Appeal's Council's decision on or after March 19, 2014. Therefore, the complaint in this action was timely filed.

Based on the foregoing, it is RECOMMENDED that defendant's Motion to Dismiss be DENIED.

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking

on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 6th day of January, 2015.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE